## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DAWN MARIE BALL,** | : | Civil No. 1:12-CV-10 |
| **Plaintiff** | : | |
| | : | (Chief Judge Kane) |
| **v.** | : | |
| | : | (Magistrate Judge Carlson) |
| **SUPT. GIROUX, et al.,** | : | |
| **Defendants** | : | |

## ORDER

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

Plaintiff Dawn Marie Ball commenced this action by filing a complaint on January 4, 2012, in which she alleges that Defendants violated her Eighth Amendment rights by placing her in a cell without a mattress for approximately one week and by serving food to her on a Styrofoam tray. (Doc. No. 1.) On January 12, 2012, Magistrate Judge Carlson filed a Report and Recommendation in which he recommended that Plaintiff's complaint be dismissed without prejudice to Plaintiff endeavoring to correct the defects outlined in the Report and Recommendation. (Doc. No. 7.) Judge Carlson found that placing a prisoner in a cell without a mattress for approximately one week does not constitute a per se Eighth Amendment violation. (Id.) Further, he found that the presentation of meals on a Styrofoam tray does not rise to the level of a constitutional violation. (Id.) He did, however, find that granting leave to amend was proper because Plaintiff could possibly state a conditions of confinement claim based on her lack of mattress if she alleges facts supporting a finding that the prison officials denied her a mattress with the knowledge that such action would exacerbate a serious medical condition. (Id.) Plaintiff filed objections the Report and Recommendation arguing that the actions outlined in her complaint constitute per se violations of her constitutional rights. (Doc. No. 17.) Upon a de novo review, the Court concludes that, in its current form, Plaintiff's complaint does not state a

claim upon which relief can be granted.  The Court does find, however, that additional factual allegations regarding the prison officials actions in denying her a mattress – some of which Plaintiff alludes to in her objections to the Report and Recommendation – may support an Eighth Amendment claim.

**ACCORDINGLY**, on this 15th day of March 2012, **IT IS HEREBY ORDERED THAT** the Report and Recommendation (Doc. No. 7) is **ADOPTED**, Plaintiff Dawn Ball's motion for leave to proceed in forma pauperis (Doc. No. 2) is **GRANTED**, and pursuant to 28 U.S.C. § 1915A the complaint (Doc. No. 1) is **DISMISSED WITHOUT PREJUDICE** to Plaintiff endeavoring to cure the defects outlined in Judge Carlson's Report and Recommendation on or before April 9, 2012; if Plaintiff fails to file an amended complaint on or before that date the Clerk of Court will be directed to close the case.  In the event that Plaintiff files an amended complaint the Clerk of Court is directed to refer this matter to Judge Carlson for pre-trial management.

                                                 S/ Yvette Kane
                                                 Yvette Kane, Chief Judge
                                                 United States District Court
                                                 Middle District of Pennsylvania